12983

STATE v. DENDY

(155 S. E., 150)

October, 1929.

*Messrs. Richey & Richey,* for appellant,

*Messrs. H. S. Blackwell, Solicitor, James A. Sullivan* and *R. T. Wilson,* for respondent.

October 1, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The defendant, Norris Dendy, was tried and convicted in the magistrate's Court in Laurens County, charged in five cases with buying and receiving stolen goods. From the sentence and judgment in the magistrate's Court he appealed to the Court of General Sessions of said county. The ap-

peal was heard by his Honor, Judge M. M. Mann, who after due consideration, affirmed the judgment of the magistrate. From the order of Judge Mann, affirming the judgment of the magistrate's Court, the defendant upon due notice has appealed to this Court.

Several questions are raised by appellant's exceptions, but, under the view we take of the case, it is necessary to consider but one; namely, that in the warrant and supporting affidavit no crime was charged against the appellant. At the trial in the magistrate's Court, counsel for the appellant moved to dismiss the warrants upon this ground. When the first case (referred to in the transcript as case No. 1·) was called for trial, and the motion to dismiss was made upon this ground, the magistrate after consideration granted the motion and dismissed the warrant. The pertinent words contained in the warrant and supporting affidavit were as follows: "On the 1st of May, 1929, one Norris Dendy did buy and receive two sacks of soda valued at $11.00. Said soda was stolen from Clinton Cotton Oil Mill." After dismissing the warrant the magistrate on his own motion amended the supporting affidavit, over the objection of the appellant, by writing into the affidavit, after the words "Oil Mill," the words, "knowing the same be stolen," and forced the defendant to trial. The warrant having been dismissed by order of the magistrate, there was no warrant in existence in that case to be amended, and the same could not be revived by writing into the supporting affidavit the words which the magistrate, of his own motion, inserted.

The pertinent words contained in the warrant and supporting affidavit in case No. 2 were as follows: "* * * On or about day of 1st of May, 1929, one Norris Dendy did buy and receive 2 sacks of guano $3.10 each, said guano being the property of Jack Young, contrary to the statutes. * * *" The motion to dismiss upon the grounds that no crime was charged against the ap-

pellant was refused, and there was no attempt to amend. The wording of the warrants and affidavits in the other cases, 3, 4, and 5, as stated in the transcript, is similar to that contained in case No. 1, that is, before No. 1 was attempted to be amended. In each of these cases, 2, 3, 4, and 5, the motion to dismiss the warrant was refused, the defendant was forced to trial, convicted, and sentenced.

In a charge for buying and receiving stolen goods, in order for the same to constitute a crime under the law of this State, it is necessary that the party charged have knowledge of the fact that the goods were stolen, and, if such fact is not alleged, no crime is charged. Since the warrants involved in this appeal did not contain the necessary allegations, the appellant was entitled to have his motion granted in each case.

The appeal is sustained, the judgment reversed, and the warrants in question dismissed.

Messrs. Justices Cothran, Blease, and Stabler and Mr. Acting Associate Justice Mendel L. Smith concur.